CHARLES L. FARRELL v. PENNSYLVANIA RAILROAD COMPANY.

Submitted December 3, 1914—Decided March 23, 1915.

The plaintiff alleges he was injured by reason of a defective brake while engaged in switching cars in the railroad yard at Phillipsburg. He seeks to impose liability upon the railroad company by reason of the Federal Employers' Liability act and the Federal Safety Appliance act. *Held*, following the construction given by the Federal Circuit Court (*Erie Railroad Co. v. United States*, 197 *Fed. Rep.* 287; 116 *C. C. A.* 649), that the latter act does not apply to switching operations in the railroad company's yard. *Held*, further, that an instruction to the jury by the trial court that said act applied to the facts of this case was erroneous.

On appeal from the Warren Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the plaintiff, *Elinor R. Gebhardt*.

For the defendant, *Theodore Strong*.

The opinion of the court was delivered by

MINTURN, J. The action is based upon the act of congress, known as the Federal Employers' Liability act, approved April 22d, 1908, and its amendment, and the Federal Safety Appliance act, approved April 14th, 1910.

The plaintiff was injured while attempting to control three cars with a hand brake going down grade, in the yards of the defendant company at Phillipsburg, in this state. The hand brake proved inefficient for its work, and the plaintiff to avoid injury jumped from the car to an adjoining track where he was struck by some coal cars proceeding thereon, and run over, suffering eventually the loss of his right arm and his foot, with minor injuries. The trial court instructed the jury that the Safety Appliance act governed the liability of the defendant, and that if the accident resulted from a defective brake it was unnecessary to go further in the consideration of the case, since the defendant's liability thereby became fixed by the express language of the federal act.

The case was tried and determined upon that hypothesis, and in that fact we find legal error, which must result in the reversal of the judgment. It is unnecessary for the purposes of this case to determine whether a violation of the provisions of the Safety Appliance act, resulting in damage as is presented by the case *sub judice,* may be made the sole basis of an action, in the absence of specific legislation conceding it:

The Court of Errors in this state, held in a case substantially similar in principle, where mandatory legislation required the erection of certain safety appliances in factories, and the plaintiff, a workman, was injured by the absence of them, that the defendant did not, *ipso facto,* become a tort-feasor so as to enable the plaintiff to base a suit for damages alone upon the violation of the act. *Mica* v. *Passaic Paint Works, 76 N. J. L.* 561.

It must suffice to say that the construction given by the federal courts to the act in question must, upon familiar principles applicable to federal legislation, be controlling upon this court in its construction and application of the act.

In the case of *Erie Railroad Co.* v. *United States, 197 Fed. Rep.* 287; 116 *C. C. A.* 619, the Federal Court of Appeals, for the Third Judicial Circuit, held that the Safety Appliance acts do not apply to the switching operations of a railroad in its yards, and that the railroad was not guilty of violating

the acts where it failed to have equipped with such appliances, cars that were being assembled and broken up in its yard for subsequent rearrangement in the service.

The learned court in that case says: "It is conceded by the government that this act does not apply to, or at least has never been enforced as to switching operations. Manifestly such is the reasonable construction of the act. Its purpose was to compel railroads to equip trains in interstate transit with air brakes, thereby contributing not only to the safety of passengers and crews, but saving brakemen, so far as possible, from the dangers incurred in manipulating hand brakes." This construction of the act manifestly renders it unnecessary for us to go further into an examination of the remaining disputed questions presented by the record.

The judgment below is reversed, and a *venire de novo* may be ordered.